IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| **UNTERIO MOORE,**<br><br>        Plaintiff,<br><br>v.<br><br>**PALANGA SPIRIT (IN REM),**<br>**BALTHELLAS CHARTERING SA,** and<br>**PALANGA SPIRIT NAVIGATION**<br>**LTD.,**<br><br>        Defendants. | Case No. 2:16-cv-120 _____ |

**COMPLAINT FOR DAMAGES**

Plaintiff, Unterio Moore, files this his Complaint for Damages against the above Defendants, and shows the Court the following:

1. Plaintiff is a resident of Glynn County, Georgia.

2. Defendant PALANGA SPIRIT (IN REM) ("Vessel") is s a foreign flagged vessel, registered in the Country of St. Vincent and the Grenadines, the owners, officers and crew of which, while on said vessel, committed a negligent act while calling upon the Port of Brunswick, Glynn County, Georgia, resulting in injury to the Plaintiff on June 16, 2016.

3. This vessel is subject to attachment and arrest, and liable for all damages, *IN REM*, which will or may be awarded to the Plaintiff herein. The claim against the vessel is based upon this Court's Admiralty jurisdiction. F.R.C.P. §9(h); 28 U.S.C. § 1333 and 33 U.S.C. § 905(h).

4. Defendant PALANGA SPIRIT NAVIGATION LTD. ("PSN") is a

1

foreign corporation which directs its vessels and crews to call upon and which does business in the Port of Brunswick, Glynn County, Georgia on a regular basis and can be served at 10, Amfitheas Avenue, Palaio Faliro, Athens, Greece 175 64 pursuant to the Hague Convention.

5. Defendant Balthellas Chartering SA, ("Balthellas") is a foreign corporation, which was the "bareboat" charterer of the vessel in question as hereinafter referenced, and which vessel called upon the Port of Brunswick, Glynn County, Georgia, and can be served at 10, Amfitheas Avenue, Palaio Faliro, Athens, Greece 175 64 pursuant to the Hague Convention.

6. Defendant PSN owns and operates the Vessel.

7. Defendant Balthellas manages the Vessel.

8. Defendants PSN and Balthellas are subject to the jurisdiction of this Court, by virtue of diversity of citizenship, the amount in controversy exceeding one hundred thousand dollars ($100,000.00), exclusive of interest and costs in accordance with § 1332 of Title 28, USC.

9. Venue of this action is properly laid in the Southern District of Georgia, Brunswick Division.

10. Defendants are subject to the jurisdiction of this Court.

## Count One

### *Negligence*

11. On or about June 16, 2016, Plaintiff was working and employed as a longshoreman for True Blue at the Georgia Ports Authority Terminal in Brunswick, Glynn County, Georgia.

12. At all relevant times, the Vessel was owned, operated, and crewed by Defendant PSN and managed by Balthellas.

13. In the course of his employment duties, Plaintiff was directed to supervise the loading of cargo onto the Vessel. Plaintiff's job was to ensure that the cargo was properly loaded into the

Vessel and to ensure that the conveyor, which was moving the cargo from the dock onto the Vessel, did not strike the ship.
14. While preforming his duties, Plaintiff was instructed by his True Blue supervisor to prepare the storage hatch for closing due to inclement weather.
15. Plaintiff then instructed Defendant PSN and Vessel crew member "Umayev" to wait for Plaintiff's permission to close the storage hatch and that he would give permission to close once the conveyor was clear of the Vessel and once Plaintiff was clear of the hatch.
16. Vessel crewmember and PSN employee "Umayev," however, closed the hatch before Plaintiff had given him permission and before Plaintiff was clear of the hatch.
17. The hatch was closed on Plaintiff's hand causing severe and permanent injuries.
18. At all times herein mentioned, the Vessel was owned and operated by Defendant PSN.
19. The Vessel was located at all times herein on the navigable waters of the United States, to-wit: the Brunswick River, for purposes of loading and discharge of cargo.
20. The hatch at all times, as referenced above, constituted an appurtenance of the vessel and was supplied and maintained by the vessel and its officers and crew.
21. As a proximate result of said injuries, Plaintiff has undergone numerous surgical procedures and has become totally disabled from returning to his work as a longshoreman.
22. The above described negligent acts and omissions committed by Defendants constitute the proximate cause of injuries sustained by the Plaintiff as referenced above.
23. Plaintiff further shows that as a direct and proximate result of the negligence of the Defendants he was and remains injured.

3

24. Plaintiff shows that as a direct and proximate result of the negligence of said Defendants he has incurred and will continue to incur general and special damages.
25. Plaintiff shows that as a proximate result of the aforementioned negligence, he became disabled from performing his duties at work, and said disability is continuing as of the present, with attendant wage loss, past and future. Plaintiff further shows that he has suffered, and will continue into the future to suffer, from a diminished capacity to work and labor.
26. Plaintiff shows that as a direct and proximate result of the aforementioned injury he has endured, is presently enduring, and will continue into the future to endure, physical and mental pain and suffering.
27. Since the date of the injury, Plaintiff has incurred large sums in medical bills and expenses, which are continuing.
28. Plaintiffs bring this action against the vessel PALANGA SPIRIT *IN REM*, pursuant to this Court's Admiralty jurisdiction and USC, Title 33 § 905(h); 28 U.S.C. § 1333.
29. As to Plaintiff's in personam claims against Defendant PALANGA SPIRIT NAVIGATION LTD., said claims are based exclusively upon diversity jurisdiction and are **not** based upon admiralty jurisdiction. The amount in dispute as between Plaintiff and the said in personam Defendant is in excess of One Hundred Thousand and No/100 ($100,000.00) Dollars, exclusive interest and costs in accordance with Section 1332 of Title 28, United States Code, there being complete diversity between the Plaintiff and the in personam Defendant, Plaintiff being a citizen of the State of Georgia, and the personam Defendant being a citizen, incorporated and with a principal place of business in a foreign nation, St. Vincent and Grenadines.

**Count Two**

*Complaint In Rem*

30. The vessel PALANGA SPIRIT, by and through its officers and crew, was negligent and as a proximate result of said negligence caused the Plaintiff injuries as referenced above.
31. Plaintiff is entitled to have the vessel seized and arrested to stand as security for damages sustained and to be awarded in this action.
32. In lieu of arrest, the vessel must procure a Letter of Undertaking agreeing to have same filed in this civil action and to procure a surety bond upon demand up to a certain amount to secure any *in rem* claim and judgment against the vessel.
33. Plaintiff is entitled to and does hereby assert a claim *IN REM* against said vessel and bond based upon the negligent acts and omissions of the vessel by and through its crew and officers in causing Plaintiff's injuries and damages.
34. Said vessel was also negligent by and through its officers and crew in failing to wait for Plaintiff's permission to close the hatch and failing to ensure that Plaintiff was clear of the hatch before closing, and was independently negligent, over and above the negligence referenced above, all of which negligence proximately caused and contributed to the injury to the Plaintiff.
35. This claim against the vessel, In Rem, as asserted in this Count, is brought in admiralty pursuant to the provisions of Title 28, U.S.C. §1333, pursuant to Federal Rules of Civil Procedure 9(h), and Supplemental Admiralty, Rules B and C, and pursuant to the local rules of the United States District Court for the Southern District of Georgia.
36. Further, at all times herein mentioned, and upon information and belief, the Vessel violated the International Safety Management Code (ISMC), which violation further constituted a

proximate cause and injury sustained by the Plaintiffs. 33 C.F.R. §96.210(a)(3).

## Count Three

*In Personam Claims Against Defendants*

*Palanga Spirit Navigation LTD. and Balthellas Chartering SA*

37. Defendant PALANGA SPIRIT NAVIGATION LTD., as the registered owner of the vessel, Defendant Balthellas as the "bareboat" charter of Defendant PALANGA SPIRIT, are vicariously liable for the negligent acts and omissions of its employees/crewmembers, said negligent acts being committed in the course and scope of their employment duties, in closing the subject hatch on Plaintiff's hand and causing Plaintiff's injury. These Defendants are also independently negligent over and above the negligence of its crewmembers, which negligence proximately contributed to the injury to the Plaintiff as will be established through the evidence at trial.
38. Defendants PSN and Balthellas are liable to Plaintiff under the general common law, and to the extent applicable, Georgia law, for all damages proximately caused by the negligent acts and omissions referenced above.
39. The in personam claims asserted in this Count, are asserted against the corporate Defendants PALANGA SPIRIT NAVIGATION and BALTHELLAS CHARTERING SA are based exclusively upon diversity jurisdiction, 28 U.S.C § 1332, and are **not** asserted in admiralty.

**WHEREFORE,** Plaintiff prays for the following relief:

(a) That summons and process issue and be served upon Defendants;

(b) Trial by jury;

(c) That Plaintiff be awarded an amount in damages to be

determined at trial; and

(d) Such other and further relief as the Court deems just and necessary.

Respectfully submitted, August 15, 2016.

/s/ Nathan T. Williams

Nathan T. Williams
Georgia Bar No. 142417
James Wrixam McIlvaine
Georgia Bar No. 436879
Attorneys for Plaintiff

WILLIAMS LITIGATION GROUP, P.C.
Post Office Box 279
Brunswick, Georgia 31521-0279
(912) 208-3721
(912) 264-6299 facsimile

7